UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

 Plaintiff-Respondent,

v.                   Case No. 94-80346

JERRY GONYEA,            HONORABLE AVERN COHN

 Defendant-Petitioner.

_____/

## ORDER DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255 (Doc. 109)

I. Introduction

This is a criminal case which has long since closed. Before the Court is defendant-petitioner Jerry Gonyea's (defendant) motion to vacate sentence under 28 U.S.C. § 2255. Defendant challenges the computation of his sentence by the Bureau of Prisons and also makes complaints about the conditions of his confinement. For the reasons that follow, the motion is DENIED.

II. Background

In 1994, defendant and an accomplice robbed two banks during which defendant brandished firearms and terrorized those present, including children, with threats of death. Defendant was also on state parole at the time of the offenses. Defendant initially plead guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113 and two counts of using or carrying a firearm during the commission of a felony, in violation of 18 U.S.C. § 924(c). Following protracted pre-trial proceedings, during which

defendant withdrew his plea and attempted, unsuccessfully, to pursue a diminished capacity defense, defendant again plead guilty in 1996 to the same four counts. The Rule 11 agreement called for a sentence at the bottom end of the guidelines, 351 months. Defendant also reserved the right to appeal the preclusion of his diminished capacity defense. The Court sentenced defendant to 351 months. Defendant appealed, arguing that he should have been allowed to present a diminished capacity defense. The Court of Appeals for the Sixth Circuit affirmed defendant's conviction. United States v. Gonyea, 140 F.3d 649 (6th Cir. 1998). Defendant did not further pursue other post-conviction remedies.

Over twelve years later, on August 25, 2010, defendant filed a motion for relief from judgment under Fed. R. Civ. P. 60(b) in which he challenged his sentence under § 924(c). The Court denied the motion on October 28, 2010. (Doc. 106).

Thereafter, almost two years later, on August 16, 2012, defendant filed the instant motion under § 2255.

### III. Legal Standard

Title 28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States. . .or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

To prevail under § 2255, petitioner must show a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Timmreck, 441

2

U.S. 780, 783 (1979) (quoting, Hill v. United States, 368 U.S. 424, 428 (1962)).

IV. Analysis

The government first argues that the motion should be denied as untimely. The Court agrees. A motion under § 2255 is subject to a statute of limitations. Under § 2255(f)(1), a § 2255 motion must be filed within one year of the judgment becoming final. Where no direct appeal is filed, the judgment becomes final upon the expiration of the time for filing the notice of appeal. Sanchez–Castellano v. United States, 358 F.3d 424, 427 (6th Cir. 2002).

Here, defendant's conviction became final on July 1, 1999, one year and ninety days after the Sixth Circuit's decision affirming his conviction was issued. See Clay v. United States, 537 U.S. 522, 527-28 (2003); Sanchez-Castellano, 358 F.3d at 426-27. Defendant's motion was filed on August 15, 2012, more than thirteen years later. As such, it is clearly untimely. Defendant also presents no arguments for tolling of the statute of limitations.[1]

The government also says that to the extent defendant complains about the computation of his sentence by the Bureau of Prisons, such a claim is not proper under § 2255. This argument is also well-taken. Defendant appears to be contesting the manner in which his sentence is being calculated by the Bureau of Prisons. Relief concerning the execution of a sentence is not available under section 2255, which addresses collateral attacks on the underlying conviction and imposition of sentence.

---

[1]Defendant is aware of the statute of limitations on § 2255 motions inasmuch as he expressly asked the Court not to construe his Rule 60(b) motion as a motion under § 2255 because it would be time barred.

See Charles v. Chandler, 180 F.3d 753 (6th Cir.1999) (stating that "courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241). Thus, he cannot use § 2255 to challenge the computation of his sentence.

As to defendant's complaints about the conditions of his confinement, including inadequate medical care and cell space, such complaints are not proper under § 2255. Should defendant wish to make such claims, he must file an action under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971) which provides federal inmates with a cause of action for civil rights complaints similar to § 1983.

Finally, the government says that defendant's motion is actually a second or successive motion under § 2255 over which the Court does not have jurisdiction. In support, the government says that the Court construed defendant's Rule 60(b) motion as a motion under § 2255. While the Court stated in the order denying defendant relief under Rule 60(b) that his motion was really a motion under § 2255, the Court did not formally construe the motion as a motion under § 2255. Rather, the Court denied relief because the motion was not filed within a reasonable time and failed on the merits. The fact that it would be time barred if it was filed as a § 2255 motion was simply an alternative ground for denying the motion. The Court declines to find that the Rule 60(b) motion was a prior § 2255 motion.

V.  Conclusion

Overall, defendant is not entitled to relief under § 2255 because his motion is untimely.  Even if the motion was timely, the grounds asserted are not properly the subject of a § 2255 motion.

SO ORDERED.


       S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated:  October 22, 2012


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 22, 2012, by electronic and/or ordinary mail.

       S/Julie Owens
      Case Manager, (313) 234-5160